ORDERED.

Dated:  September 25, 2016

*K. Rodney May*
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Todd William Mendenhall
Felicia Ann Mendenhall

Case No:  8:15-bk-08128-KRM
Chapter 7

Debtor(s).
_____/

**ORDER GRANTING MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, ENCUMBRANCES AND INTERESTS WITH CONSENT LIENHOLDER(S)**
(2501 Leslee Lake Dr., Saint Petersburg, FL  33713)

THIS CASE came on for hearing on September 20, 2016 to consider Chapter 7 Trustee, Steve L. Meininger's ("Trustee") Section 363(f)(2) Motion to Sell Free and Clear of Liens, Encumbrances and Interests with Consent of Lienholder (the "Motion") (Doc. #28). Richard M. Dauval, Esq. appeared on behalf of the Trustee. No other appearances were made. The Court having reviewed the Motion, the proffers of counsel, and for the reasons stated orally and recorded in open court, which will constitute the findings of this Court, finds it appropriate to grant the Motion.  Accordingly, it is:

**ORDERED** and **ADJUDGED** as follows:

1. The notice of the Motion and the hearing thereon is approved as proper and adequate under the circumstances.

2. The Motion is GRANTED and the sale to Bradley Kinsler ("Buyer(s)") is approved as the highest and best offer.

3. The Trustee is authorized to sell the real property located at:

Lot 16, Block 9, Leslee Heights Sub Section 2, according to the Plat thereof recorded in Plat Book 32, Page 18 and 19, public records of Pinellas County, Florida., more commonly known as 2501 Leslee Lake Dr., Saint Petersburg, FL 33713 (the "Real Property"),

to Buyer(s) for the purchase price of $ 132,500.00, and in accordance with the terms and conditions that are set forth in the HUD 1 which is attached to the Motion.

4. The Trustee is authorized to pay the following undisputed liens or claims at closing of the sale:

| | |
|---|---|
| Bank of America, N.A. | $ 109,850.80 |
| CitiMortgage, Inc. | $ 6,021.74 |

5. Pursuant to Section 363(f) of the Bankruptcy Code, effective upon closing, the sale of the Real Property will vest in the Buyer(s) all right, title and interest of the Debtor and the bankruptcy estate in the Real Property, free and clear of the liens, claims or interests listed below (collectively, the "Affected Interests"):

1. Todd William Mendenhall, Debtor, name on deed
2. Felicia Ann Mendenhall, Debtor, name on deed
3. Bank of America, N.A., mortgage senior lienholder
4. CitiMortgage, Inc., mortgage junior lienholder

6. Unless the holders of the liens, claims or interests identified in paragraph 5 above have agreed to other treatment, or their interest have been stripped under 11 U.S.C § 506(d), their liens, claims or interests shall attach to the proceeds of the sale with the same force, effect, validity and priority that previously existed against the Real Property.

7. This Order is and shall be effective as a determination that, upon and subject to the occurrence of the closing of the sale, all Affected Interests have been and hereby are adjudged and declared to be unconditionally released as to the Real Property.

8. The Buyer(s) have not assumed any liabilities of the Debtor(s).

9. The Trustee is authorized to execute any such releases, termination statements, assignments, consents or instruments on behalf of any third party, including the holders of any liens, claims or interests identified in paragraph 5 of this Order, that are necessary or appropriate to effectuate or consummate the sale. Moreover, the Trustee is hereby authorized to execute the purchase agreement, or other related documents that are reasonably necessary or appropriate to complete the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the sale.

10. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

| | |
|---|---|
| Total Sales/Brokers Commission: | |
| 6% to Century 21 Beggins, Inc. | $ 7,950.00 |
| Title / Escrow Charges: | $ 1,647.50 |
| Government recording / transfer charges: | $ 973.50 |
| Other / Debits (*incl. surcharge to the Estate*) | $ 5,600.00 |

Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above so long as they are within industry standard and do not reduce the carve out to the estate below $5,500.00.

11. Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyer(s) on an "as is, where is" or "with all faults" basis.

12. Buyer(s) is/are approved as a buyer(s) in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyer(s) shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

13. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

14. The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's bankruptcy estate.

15. The 14 day stay period pursuant to Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

Attorney, Richard M. Dauval, Esq., is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.